IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DIMITRAI CABELL,** | |
| **Petitioner,** | |
| v. | Case No. 21-CV-00322-SPM |
| **DANIEL SPROUL, Warden,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th

Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under § 2255. He or she may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. Specifically, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See also Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (stating that "'[i]nadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *United States v. Prevatte*, 300 F.3d 792, 798-799 (7th Cir. 2002) (noting that "savings clause" of § 2255 applies to "a narrow class of cases" where the 2255 remedy "'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

The Seventh Circuit's recent decision in *Liscano v. Entzel*, 839 Fed. App'x 15, 17 (7th Cir. 2021) dismissed the oft-advanced argument on collateral attack that challenges for drug-definition cases brought under *Mathis v. United States*, 136 S. Ct.

2243 (2016) and its progeny were not available before *Mathis*.[1] In *Liscano*, the Seventh Circuit held that the petitioner could not obtain relief under § 2241 regarding his claim that his sentence was unlawfully enhanced under 21 U.S.C. § 841(b)(1)(A) because of his two prior Illinois drug convictions. 839 Fed. App'x at 16-17.

The Court explained that Liscano had not protested enhancement in the district court or on appeal. *Id.* at 17. Nor did he protest enhancement when he filed and lost a collateral attack under § 2255. *Id.* The Court stated that "Liscano's fundamental problem is § 2255(e), which precludes use of §2241 unless it 'appears that the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention.'" *Id.* at 16. The Court acknowledged that when Liscano was convicted in 2003 and when he sought relief under § 2255 in 2009, he could not rely on *Mathis*, which was not decided until 2016. *Id.* at 16-17. But the Court stated that *Mathis* "was not exactly a bolt from the blue" because it applied the categorical approach method originating in *Taylor v. United States*, 495 U.S. 575 (1990). *Id.* at 17. The Court continued, stating that "[i]f *Mathis* presented any wrinkle, it was the use of divisibility analysis to separate "elements" of the state crime from the 'means' of committing those elements." *Id.* The Court then found that divisibility dates back to *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009). Based on this history, the

---

[1] In *U.S. v. Nebinger*, the defendant made a similar argument in his direct appeal. For the same reasons, the Seventh Circuit rejected the argument. 987 F.3d 734, 739 (7th Cir. 2021) ("To the contrary, these points are well-trodden. In *Elder*, we held that the categorical approach from *Taylor*, *Descamps*, and *Mathis* applies to our analysis of ACCA-predicate drug offenses under 21 U.S.C. §§ 841 and 802(44). Nebinger could have made the same argument Elder did—that his state drug conviction did not qualify as an ACCA predicate under the categorical approach—in the district court or in the first appeal in 2017. Nothing in either Supreme Court or Seventh Circuit precedent foreclosed it or even made it a long shot.").

Court determined that Liscano could have made this argument at trial, on direct appeal, and in his collateral attack under § 2255. *Id.*

The same is true here. Petitioner Dimitrai Cabell plead guilty to one count of conspiracy to distribute cocaine under 21 U.S.C. §§ 846(a)(l) and 851, which was enhanced from two previous Indiana state court convictions for dealing cocaine (Docs. 1, 264, Criminal Case No. 3:08-cv-13-RLY-WGH). He filed a § 2255 petition in 2015, which was denied as untimely (Doc. 480, Criminal Case). He now brings a §2241 petition under *Mathis*, stating that the version of the Indiana cocaine statute for his previous Indiana state court convictions would lead to a conclusion that Indiana law specified an offense that did not meet the federal definition of a cocaine crime under the categorical approach. But, as the Seventh Circuit opined in *Liscano*, Cabell could have relied on this approach from the jump. Thus, § 2255(e) is not available to him for relief.

## Conclusion

Accordingly, Petitioner Dimitrai Cabell's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. All pending motions are **DENIED as MOOT**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. *See* Fed. R. App. Proc. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. Proc.

24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  May 21, 2021**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**